IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMANDA A. BANKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1633 |
| ) | |
| JO ANNE B. BARNHART, ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM JUDGMENT ORDER

AND NOW, this 4th day of January, 2007, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 9) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 7) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by

substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her applications for DIB and SSI on June 27, 2003, alleging disability beginning December 2, 2002, due to diabetes and mental problems. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on March 28, 2005, at which plaintiff appeared represented by counsel. On June 24, 2005, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on October 18, 2005, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 25 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has a high school education. Plaintiff has past relevant work experience as an information clerk, administrative computer operator, quality assurance analyst and customer service representative, but she has

not engaged in substantial gainful activity at any time since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairment of affective disorder, that impairment does not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a significant range of work at all exertional levels with the non-exertional limitations that the work must involve simple instructions and one to two step tasks (collectively, the "RFC Finding"). As a result of these limitations, the ALJ determined that plaintiff could not perform her past relevant work. Nonetheless, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable her to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as a motel cleaner, vehicle cleaner or labeler. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in

substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§§423(d)(2)(A), 1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598, 416.901-.998. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d

Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at step 5 of the sequential evaluation process. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with her age, education, past work experience and residual functional capacity. 20 C.F.R. §§404.1520(g)(1), 416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

Here, plaintiff challenges the ALJ's step 5 finding on a number of grounds, none of which the court finds persuasive. Plaintiff argues that the ALJ erred at step 5 because: (1) he did not properly assess her mental problems and her reasons for not seeking mental health treatment; (2) he failed to consider the entire record by not considering her history as a victim of sexual abuse; and (3) the RFC Finding is not supported by substantial evidence. The court finds that these arguments lack merit for the reasons explained below.

Plaintiff first claims that the ALJ did not properly assess her mental problems and her reasons for not seeking mental health

treatment. Plaintiff contends that the ALJ improperly based his decision on the fact that she failed to pursue recommended mental health treatment, instead of considering that she had problems maintaining insurance coverage. According to plaintiff, her lack of insurance coverage drove her from obtaining regular mental health treatment.

As an initial matter, contrary to plaintiff's assertion that the ALJ did not properly assess her mental problems, he correctly observed that there were no medical records available for the 18 months preceding the hearing, and the earlier records that were available do not support plaintiff's claim as to the severity of her mental impairment. The ALJ based his decision denying benefits on the lack of evidence to establish plaintiff's claimed disability, not solely on her failure to follow her primary care physician's advice to seek mental health treatment.

Nonetheless, plaintiff's assertion in her brief that she did not heed her primary care physician's advice to pursue mental health treatment because she lacked proper insurance coverage is contradicted by her own hearing testimony. Plaintiff testified that she had not been listening to her primary care physician "very well" and that she had been "ignoring her advice" because she was "tired of going" for mental health treatment. (R. 277). Plaintiff did not testify that she failed to follow her doctor's advice because of insurance coverage matters. Therefore, plaintiff's argument that the ALJ did not properly evaluate her mental problems and her reasons for not seeking treatment lacks

merit.

Likewise, plaintiff's assertion that the ALJ failed to consider the entire record by not considering her history as a victim of sexual abuse lacks merit. The ALJ noted plaintiff's testimony that she was molested when she was a teenager, and he also considered psychiatric evaluations that reference sexual abuse. (R. 16-17). Despite the sad fact that plaintiff was a victim of violence, the record does not demonstrate that her history of sexual abuse causes functional limitations that prevent her from performing substantial gainful activity. To the extent that plaintiff's past history of abuse caused her to suffer mental limitations, the ALJ accommodated the limitations supported by the evidence of record by limiting her to work that involves simple instructions and one to two step tasks.[1]

Plaintiff's final argument is that the ALJ's RFC Finding is not supported by substantial evidence because he incorrectly concluded that she can perform work at all exertional levels, which includes heavy work. To the contrary, the ALJ properly

---

[1] In connection with the argument that the ALJ did not consider plaintiff's history of sexual abuse, she also claims that, at the hearing, "the ALJ rashly accused [her] of being a prostitute and then hastily apologized." Plaintiff's assertion misrepresents the record. According to the hearing transcript, the ALJ stated, "I see at one point that you were a prostitute, is that - - when was the last time you did anything like that?" (R. 276). Plaintiff replied that she never was a prostitute. The ALJ then stated, "I think it was somebody else today. I apologize." (R. 276). Contrary to plaintiff's suggestion in her brief, the hearing transcript does not indicate that the ALJ accused her of being a prostitute in callous indifference to her past history of sexual abuse.

determined that the evidence fails to show that plaintiff has any physical functional limitations. Nothing in the record indicates that plaintiff's diabetes causes her physical problems which impact her ability to work. Furthermore, plaintiff did not testify at the hearing that any physical limitations preclude her from working.

Plaintiff now asserts, however, that she is unable to perform heavy work because of her height and weight. According to Social Security Ruling 96-8p, that assertion is incorrect:

> It is incorrect to find that an individual has limitations or restrictions beyond those caused by his or her medical impairment(s) ... due to factors such as age or height, or whether the individual had ever engaged in certain activities in his or her past relevant work (e.g., lifting heavy weights). Age and body habitus (i.e., natural body build, physique, constitution, size, and weight, insofar as they are unrelated to the individual's medically determinable impairment(s) and related symptoms) are not factors in assessing RFC.

Although the ALJ correctly concluded that plaintiff is capable of performing work at all exertional levels, the court notes that the jobs identified by the vocational expert which plaintiff could perform with her functional limitations are at the light exertional level. For all of these reasons, the ALJ did not err in making the RFC Finding.[2]

---

[2]Plaintiff also suggests that the ALJ's finding that she can perform work at all exertional levels is inconsistent with his determination that she cannot perform her past work, which was at the sedentary exertional level. This claim lacks merit because the ALJ found that plaintiff could not perform her past work based upon her non-exertional mental limitations only. Plaintiff's past work included either skilled or semi-skilled positions, and the ALJ concluded that plaintiff is limited to unskilled work based on

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

_/s/ Gustave Diamond_
Gustave Diamond
United States District Judge

cc: John G. Burt, Esq.
    401 Wood Street
    Suite 810, Arrott Building
    Pittsburgh, PA 15222

    Jessica Smolar
    Assistant U.S. Attorney
    700 Grant Street
    Suite 4000
    Pittsburgh, PA 15219

---

her mental limitations. Thus, there is no inconsistency concerning the ALJ's finding that plaintiff can perform work at all exertional levels.